IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DALE WILLIAM GILLEY, JR., #182280, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOSEPH H. HEADLEY, et al., )<br>)<br>Respondents. ) | CASE NO. 2:23-cv-224-RAH-JTA |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Dale William Gilley, Jr., a state inmate at Staton Correctional Facility in Elmore, Alabama, initiated this action by filing a petition in which he seeks habeas corpus relief under 28 U.S.C. § 2254. (Doc. No. 1.) In his § 2254 petition, Gilley challenges his conviction entered in the Circuit Court of Cullman County, Alabama, for first degree rape. (*Id*. at 1.) Gilley was sentenced to life in prison. (*Id*.)

28 U.S.C. § 2241(d) allows Gilley to bring a § 2254 habeas petition in either (a) the federal district court for the district in which he is in custody (the Middle District of Alabama, where Staton Correctional Facility is located), or (b) the federal district court for the district in which the state court that convicted and sentenced him was held (the Northern District of Alabama, where the Circuit Court of Cullman County is located). Section 2241(d) further provides that this Court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]."

The matters complained of by Gilley stem from his conviction and sentence entered by the Circuit Court of Cullman County. The records and witnesses relating to these matters are likely to be located in Cullman County. Therefore, the Court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

It is further ORDERED that, on or before October 2, 2023, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of September, 2023.

                                                         /s/ Jerusha T. Adams
                                                       JERUSHA T. ADAMS
                                                       UNITED STATES MAGISTRATE JUDGE