UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**DALE WILLIAM GILLEY, JR.,**   )
                                )
    **Petitioner,**           )
                                )
**v.**                          )   Case No. 5:23-cv-01593-RDP-HNJ
                                )
**WARDEN JOSEPH HEADLEY, et al.,** )
                                )
    **Respondents.**          )

## MEMORANDUM OPINION

The Magistrate Judge entered a Report and Recommendation (Doc. 15) on April 15, 2024, recommending the court dismiss without prejudice Petitioner Dale William Gilley Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) because this court lacks subject matter jurisdiction over Petitioner's request for discovery. The Magistrate Judge advised Petitioner of his right to file written objections within fourteen days, but the court did not receive any objections. On May 23, 2024, the court adopted the Magistrate Judge's Report, accepted his recommendation, and dismissed this action without prejudice. (Docs. 16, 17).

On June 3, 2024, the court received Petitioner's Motion to Inform and for Extension of Time. (Doc. 18). Petitioner averred he never received a copy of the April 15, 2024, Report and Recommendation and requested a copy of the Report and Recommendation along with an extension of time to respond. (Doc. 18 at 2). On June 11, 2023, the court vacated its May 23, 2024, Memorandum Opinion and Final Judgment and granted Petitioner an additional fourteen days to file his objections to the Magistrate Judge's Report and Recommendation. (*See* Doc. 19 at 1). The court received Petitioner's timely objections on June 28, 2024. (Doc. 20).

Petitioner ultimately seeks to challenge his June 9, 1995, first-degree rape conviction in the Circuit Court of Cullman County, Alabama ("Circuit Court") following a guilty-plea agreement and his resulting life sentence. (Doc. 1 at 1-2; Doc.14 at 2-3; Doc. 20 at 3). As grounds for his petition, Petitioner asserts the Circuit Court reopened his 1995 conviction but has refused to provide Petitioner the documents related to that reopening. (Doc. 1 at 3). As relief, Petitioner seeks "access to all documents and files the Cullman County Circuit Court used in reopening his 1995 conviction."[1] (Doc. 1 at 6). Petitioner believes the requested documents "will demonstrate that he is legally entitled to relief" from his 1995 guilty-plea conviction. (Doc. 20 at 5; *see also* Doc. 20 at 7 ("The Cullman County District Attorney's Office has some sort of information [ ] that has [Petitioner]'s conviction at question, or his conviction would not be under review.")).

As the Magistrate Judge correctly concluded:

> Because this court lacks jurisdiction over any claim challenging [Petitioner's] 1995 first-degree rape conviction and life sentence pursuant to 28 U.S.C. § 2244(b), this court also lacks jurisdiction over his requests for discovery relating to his 1995 Cullman County conviction. *See U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("Federal Rule of Civil Procedure 45 grants a district court the power to issue subpoenas as to witnesses and documents, but the subpoena power of a court cannot be more extensive than its jurisdiction. It follows that if a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void and an order of civil contempt based on refusal to honor it must be reversed."); *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) ("The district court did not decide any issues of disputed fact. It accepted all of plaintiffs' allegations in the complaint as true, and determined that it lacked subject matter jurisdiction…. Discovery was not necessary." (footnote and citation omitted)); *Gilberti v. Governor of Fla.*, 835 F. App'x 508, 512 (11th Cir. 2020) (unpublished)[1] (per curiam) (stating as follows in

---

[1] On or about October 5, 2021, Petitioner received correspondence from the Alabama Department of Forensic Sciences denying Petitioner's request for a certified copy of the Alabama Department of Forensic Sciences' complete report because "District Attorney C. Wilson Blaylock … notified the Alabama Department of Forensic Sciences that this case remains under criminal investigation." (Doc. 1-6 at 1). Based upon this correspondence, Petitioner concluded the District Attorney and/or the Circuit Court reopened his 1995 conviction based upon new evidence. (*See* Doc. 1 at 3, 6; Doc. 1-1 at 1-3; Doc. 14 at 2, 3-4; Doc. 20 at 2-3). Nothing in the state-court record indicates the District Attorney or the Circuit Court reopened Petitioner's 1995 conviction. (*See* Doc. 15-1).

2

>resolving plaintiff's argument the district court should have allowed the parties to conduct discovery: "[W]here the facts alleged by [plaintiff] called the jurisdiction of the court into question, the court did not err by first determining whether it had subject matter jurisdiction." (citing *Am. Civ. Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017)); *Ferrier v. Cascade Falls Condo. Ass'n, Inc.*, 820 F. App'x 911, 914 n.4 (11th Cir. 2020) (unpublished) (per curiam) (rejecting "outright" plaintiff's argument the district court "deprived him of his right to access the courts by staying his request for discovery and then dismissing his cause of action for lack of subject matter jurisdiction" because plaintiff did not assert the discovery he requested stood necessary to resolve any jurisdictional questions and the Eleventh Circuit has "encouraged courts to resolve jurisdictional questions and eliminate legally unsupported claims 'before the discovery stage, if possible,' so as to avoid wasting judicial resources and causing the parties to bear unnecessary costs" (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)); *Gilberti v. Adurra Group, Inc.*, 810 F. App'x 806, 808 (11th Cir. 2020) (unpublished) (per curiam) ("[The district court] could not allow discovery to proceed without first determining whether it had subject matter jurisdiction." (citing *Am. Civ. Liberties Union of Fla., Inc.*, 859 F.3d at 1340 ("[B]ecause of the fundamental constitutional precept of limited federal power, a district court should inquire into whether it has subject-matter jurisdiction at the earliest possible stage in the proceedings."); parallel citation omitted)). *But see United States v. Moore*, 806 F. App'x 836, 838-39 (11th Cir. 2020) (unpublished) (per curiam) (declining to address the "thorny question" of "whether a district court has jurisdiction over a federal prisoner's post-conviction discovery motion in anticipation of his filing a section 2255 motion or a successive section 2255 motion" as the district court did not abuse its discretion in denying petitioner's third motion for discovery where petitioner failed to show good cause for the discovery he requested).

(Doc. 15 at 8-12) (footnote omitted).  In his objections Petitioner does not challenge the Magistrate Judge's conclusion that this court lacks subject matter jurisdiction over his discovery request.  (*See* Doc. 20).

Instead, Petitioner challenges the Magistrate Judge's alternative holding that Petitioner failed to show good cause exists for this court to order the production of "all documents and files the Cullman County Circuit Court used in reopening his 1995 conviction."  (*See* Doc. 20).  In his objections, Petitioner asserts Patrick Camp, a news reporter writing a story on Petitioner and his purportedly illegal conviction, informed Petitioner that the Alabama Department of Forensic Science refused to provide Mr. Camp a copy of the full report issued by the Department "because

3

the new Cullman County District Attorney Champ Crocker is continuing to place a hold on all of Petitioner's legal documents." (Doc. 20 at 6; *see also* Doc. 20 at 2). Petitioner's assertion fails to establish either that the District Attorney or the Circuit Court reopened his 1995 conviction. (*See* Doc. 15 at 10-12 n.7). As such, Petitioner failed to show good cause for his requested discovery.

Moreover, the Magistrate Judge included a second alternative holding in his April 15, 2024, Report and Recommendation:

> [E]ven if [Petitioner] could show good cause for the discovery he seeks, to the extent his request can be construed as a petition for a writ of mandamus directed at state officials, he does not stand entitled to relief. *See Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (unpublished) (per curiam) (finding the plaintiff's request for an injunction ordering state appellate judges to address the merits of his habeas petition amounted to a request for the district court to issue a writ of mandamus)). "Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought." *Id.* (citing *Moye v. Clerk, DeKalb Cnty Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *see also* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel ***an officer or employee of the United States or any agency thereof*** to perform a duty owed to the plaintiff." (emphasis added)); *Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) (unpublished) (per curiam) (affirming the district court's dismissal of plaintiff's amended complaint seeking, in part, "a writ of mandamus compelling the Spalding County Trial Court to hold a bail hearing or to otherwise grant Plaintiff unrestricted access to the courts and to his legal files" because "[t]he district court concluded correctly that it lacked jurisdiction to issue a writ of mandamus to direct the Spalding County Trial Court in the performance of the state court's duties." (citing *Moye*, 474 F.2d at 1276)); *Critten v. Yates*, No. 10-10146, 2010 U.S. App. LEXIS 12383, at *6 (11th Cir. June 16, 2010) (unpublished) (per curiam) ("[A]s for [plaintiff's] request that the district court compel the superior court clerk to provide him with a copy of his state court indictment, we agree with the district court that it did not have the power to grant the requested relief." (citing 28 U.S.C. § 1361; *Lamar v. 118th Judicial Dist. Ct.*, 440 F.2d 383, 384 (5th Cir. 1971))).

(Doc. 15 at 12 n.7). Petitioner has not challenged this second alternative holding. (*See* Doc. 20).

For these reasons, the court **OVERRULES** Petitioner's objections. (Doc. 20). After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation, and Petitioner's objections, the court **ADOPTS** the Report and **ACCEPTS** the

recommendation. Consistent with that recommendation, the court finds that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is due to be dismissed without prejudice.

A final judgment will be entered.

**DONE** and **ORDERED** this August 8, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE